## McINTYRE AND DILLIARD *v.* J. P. HARRIS.

1. EVIDENCE : RES GESTÆ.—Where part or the effect of a conversation is introduced as evidence, the opposite party is entitled to draw out on cross-examination all that was said at the time.

ERROR to the Circuit Court of Marshall county. Hon. Jno. W. Thompson, judge.

*Featherstone, Harris and Watson* for plaintiffs in error.

*Walter and Scruggs* for defendant in error.

HARRIS, J., delivered the opinion of the court.

The only points presented in this record are, first, that the

6

verdict of the jury was contrary to the law and evidence, and the court refused to grant a new trial on motion therefor; and second, that the court erred in rejecting certain testimony of the witness Smith, on his cross-examination by plaintiffs in error.

As the judgment must be reversed on the second assignment of error above referred to, we shall not notice the first ground of error assigned.

The action was commenced by defendant in error to recover a promissory note for one thousand dollars. The defence relied on was that the note was given in consideration of the sale and purchase of the patent right for the State of Illinois, of a sub-soil and turning plough, and that said plough was wholly valueless, and the note without consideration and void; and further, that the said note was obtained by the false and fraudulent representations of defendant in error. To this plea there was a replication and issue.

On the trial, after plaintiff in error had introduced his testimony in support of his plea, as to the value of the plough, &c., &c., the plaintiff below introduced one John Smith, who proved that after plaintiff in error, McIntyre, returned from Illinois (where the testimony shows he went to sell the right to use the plough which he had purchased from defendant in error), in a conversation with McIntyre, he told witness that he had purchased in Illinois a large number of horses, mules, and oxen, which witness understood he had received in pay for the right to dispose of the said plough; that they were still in. Illinois to be fattened, and when fattened, he, McIntyre, would bring them down to Mississippi and supply the whole country; that witness then thought McIntyre was in earnest, but that he afterwards had another conversation with McIntyre upon the same subject, which satisfied him that he was not.

On cross-examination the plaintiff in error asked witness to detail the conversation last alluded to, the result of which he had stated on his *direct* examination by defendant in error, which was objected to by the defendant in error, and the objection sustained by the court, and the ruling excepted to and reserved; and this is the error here assigned.

It is admitted by counsel for defendant in error, that the plaintiffs in error were entitled to *all* that plaintiff in error (McIntyre) said *at the time* of these statements to witness, but not to McIntyre's statements at a different time; and this is undoubtedly the true rule. But in this case the defendant in error, on his *direct examination,* had allowed the witness not only to state the first conversation with McIntyre, but to add that in another conversation afterwards with him on the same subject, witness became satisfied that McIntyre was not in earnest in his first conversation, thereby introducing on his part, as evidence for the defendant in error, the substance or effect of the second conversation as well as the first. The plaintiffs in error were therefore entitled to *all that was said* in both conversations, and it was error to exclude it, or to deny to plaintiffs in error the right to draw out from the witness the *whole* conversation on the subject in controversy. The defendant in error had permitted his witness to introduce the second conversation, and to state its result on his mind; and the fact that it was unfavorable to his cause does not change the rule, that the opposite party is entitled to *all* of the conversation thus partially stated.

Let the judgment be reversed, cause remanded, and a venire de novo awarded.